**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

November 12, 2020

LETTER TO COUNSEL:

      RE: *Jeffrey H. v. Andrew M. Saul, Commissioner of Social Security*
           Civil No. TJS-20-0050

Dear Counsel:

      On January 8, 2020, Plaintiff Jeffrey H. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 13. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      In his applications for DIB and SSI, Jeffrey H. alleged a disability onset date of April 10, 2016. (Tr. 18.) His applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on November 20, 2018. (Tr. 34-69.) In a written decision dated January 3, 2019, the ALJ found that Jeffrey H. was not disabled under the Social Security Act. (Tr. 12-28.) The Appeals Council denied Jeffrey H.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

      The ALJ evaluated Jeffrey H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Jeffrey H. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since April 10, 2016. (Tr. 15.) At step two, the ALJ found that Jeffrey H. suffered from the following severe impairments: status post lumbar spine fusion, depression, anxiety, and post-traumatic stress disorder. (*Id.*) At step three, the ALJ found Jeffrey H.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 16-18.) The ALJ determined that Jeffrey H. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On September 9, 2020, it was reassigned to me.

>perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs, he can never climb ladders, ropes, and scaffolds, and he can occasionally balance, stoop, kneel, crouch, and crawl. He can have no exposure to unprotected heights. He is limited to performing simple, routine, repetitive tasks, but not at a production rate pace. He is limited to simple work-related decisions. He can have occasional contact with supervisors, co-workers, and the public.

(Tr. 18.)

At step four, the ALJ determined that Jeffrey H. was unable to perform past relevant work. (Tr. 26.) At step five, relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that Jeffrey H. can perform, including final inspector, final assembler, and sorter/inspector. (Tr. 27-28.) Therefore, the ALJ found that Jeffrey H. was not disabled under the Social Security Act. (Tr. 28.)

Jeffrey H. raises two arguments in this appeal. First, he argues that the ALJ erred by using an undefined term ("production rate pace") in the hypothetical to the VE and in the RFC determination. ECF No. 11-1 at 6-7. Second, he argues that the ALJ improperly evaluated medical opinion evidence. *Id.* at 7-8.

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Jeffrey H. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work "not at a production rate pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence).

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Jeffrey H. to "simple, routine, repetitive tasks, but not at a production rate pace." (Tr. 18, 66.) The ALJ does not define the term "production rate pace" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019); *see also Steven S. v. Commissioner*, No. DLB-19-1055, ECF No. 18 (D. Md. Apr. 21, 2020) (remanding for further explanation where ALJ's RFC determination precluded claimant from performing "production pace work" because that term was not defined and distinguishing other cases where similar terms had been defined or sufficiently explained to allow for review). I reject the Commissioner's argument that the claimant and VE must have understood what the ALJ meant by "production rate pace" because there was no objection or request for clarification. *Id.* at *3 ("The Court cannot decisively say that, had the ALJ defined or explained the term 'production pace work,' the VE would have identified the same, or any, positions that the hypothetical person could perform."); *see also Brenda C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3234, 2019 WL 4017024, at *2 (D. Md. Aug. 26, 2019) ("[G]iven the Fourth Circuit's discussion of the phrases 'production rate' or 'demand pace' in *Thomas*, 916 F.3d at 312,

this Court cannot adequately say whether the ALJ's inclusion of the phrase 'not at a production pace' in Plaintiff's RFC limitation was harmless."); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019)  ("[W]hile the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence.").

      I also reject the Commissioner's argument that the error is harmless. The Commissioner argues that "[s]edentary work does not include production rate pace" and that "sedentary work, is by definition, not production pace work." ECF No. 13-1 at 5-6. Because the ALJ found that Jeffrey H. could perform light work, the Commissioner argues that Jeffrey H. is also able to perform sedentary work. At least one other district court within the Fourth Circuit has rejected this argument. *Coleman v. Berryhill*, No. 1:16-3465-TMC, 2018 WL 1417524, at *(D.S.C. March 22, 2018) ("The fact that the definition for light work refers to 'production rate pace' does not mean that less *physically* taxing but equally *mentally* taxing jobs may exist at the sedentary exertional level. The [Dictionary of Occupational Titles] definition of sedentary work does not preclude production rate pace. . . . The Court declines to make assumptions based on what the definition of sedentary work does not say.") It is not clear to this Court that all sedentary work precludes work performed at a production rate pace (whatever that term means). More importantly, the ALJ never found that Jeffrey H. was capable of performing the sedentary-level jobs identified by the VE. Instead, the ALJ's decision notes that the VE identified three jobs at the light exertional level that Jeffrey H. could perform and "adopt[ed] the vocational expert's testimony on this point." (Tr. 28.) It is not the function of this Court to rewrite the ALJ's opinion to render any error harmless and the Court declines the Commissioner's invitation to do so.

      Remand is required to allow the ALJ to more fully explain the RFC determination. *Thomas*, 916 F.3d at 313 n.5 ("On remand, the ALJ will need to establish for how long, and under what conditions, [the claimant] is able "to focus [her] attention on work activities and stay on task at a sustained rate.").  I decline to address Jeffrey H.'s second argument.

      For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 11 & 13) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

      Sincerely yours,

      /s/
      Timothy J. Sullivan
      United States Magistrate Judge